United States District Court
Middle District of Florida
Tampa Division

**SCOTT HAMILL,**

    *Plaintiff,*

v.                                                              NO. 8:20-cv-2638-PDB

**ACTING COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

## Order

The Court reversed the decision of the Acting Commissioner of Social Security denying Scott Hamill's application for benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 27, 28. Hamill now requests, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, an award of $3,090.83 in attorney's fees, $34.50 in "expenses," and $400 in costs. Doc. 29. The Acting Commissioner has no opposition. Doc. 29-22.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees and costs are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) he timely requested fees and costs, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2). The first three conditions are satisfied here. As to the fourth condition, Hamill contends the Acting Commissioner's position was not substantially justified, Doc. 29 at

4, and the Acting Commissioner has not tried to satisfy her burden of showing otherwise. As to the fifth condition, no equitable consideration is apparent or presented that would make an EAJA award unjust.

The fee applicant must show the requested rates and claimed hours are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *see also Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). A fee award under the EAJA "shall be based upon prevailing market rates for the kind and quality of the services furnished," but it must not exceed $125 an hour "unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"The EAJA … establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step … is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34.

Paralegal fees are compensable at prevailing market rates for paralegals, *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008), for work traditionally done by an attorney, *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). If an attorney is not admitted in a court as required by a local rule, a

court may compensate the attorney at a paralegal hourly rate. *Zech v. Comm'r of Soc. Sec.*, 680 F. App'x 858, 860 (11th Cir. 2017).

Here, the fee request is based on 26.9 hours of work by (1) Hamill's counsel of record, Suzanne Harris, Esquire; (2) attorneys not admitted to this Court; and (3) paralegals. Doc. 29 at 1–2; *see also* Doc. 29-1. For Harris's work, Hamill requests an hourly rate of $203.94 for work done in 2020 and $214.29 for work done in 2021 and 2022. Doc. 29 at 4–5. For the non-admitted attorneys' work, Hamill requests an hourly rate of $125. Doc. 29 at 5–6. For the paralegals' work, Hamill requests an hourly rate of $75. Doc. 29 at 6.

The requested rates and claimed hours are reasonable. The rates are within the prevailing market rates for the kind and quality of the services performed. For Harris's rate, the increase in the cost of living from 1996 to the time she worked on the case justifies an upward adjustment from $125. *See* U.S. Dep't of Labor, Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0000SA0 (last visited March 7, 2022). None of the work appears clerical, secretarial, unnecessary, or otherwise excludable. *See generally* Doc. 29-1.

The Court leaves to the Acting Commissioner's discretion whether to accept Hamill's assignment of EAJA fees, *see* Doc. 29 at 8, after determining whether he owes a federal debt.

Costs for items in 28 U.S.C. § 1920 are allowed under the EAJA. 28 U.S.C. § 2412(a). Items in § 1920 include "fees of the clerk and marshal." *Id.* § 1920(1). Allowable costs for fees of the marshal include costs for private service of process in an amount that does not exceed what the United States Marshals Service charges. *EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir.

3

2000). For process served by mail, the Marshals Service charges $8 for each item mailed. 28 C.F.R. § 0.114(a)(2).[1] Serving process on a federal agency must be done by sending a copy of the summons and complaint by certified mail or hand-delivery to the United States Attorney and by certified mail to the United States Attorney General and the agency. Fed. R. Civ. P. 4(i).

Hamill requests $400 in costs for the filing fee. Awarding $400 for costs is warranted as a fee of the clerk, and the amount Hamill paid to file the case. Hamill also requests $34.50 in "certified mailing expenses related to Service of Process upon the Defendants." Doc. 29 at 8. Although costs for service of process are allowable, the Court reduces the amount to be awarded to $24 ($8 for each item mailed). *See* Docs. 8–10 (proof of service by mail).[2]

Because Hamill is eligible and the requested attorney's fees and costs are reasonable, the Court **grants** the motion, Doc. 29, to the extent stated; **awards** him $3,090.83 in attorney's fees and $424 in costs; and **directs** the Clerk of Court to enter judgment in favor of Scott Hamill and against the Acting Commissioner of Social Security for $3,090.83 in attorney's fees and $424 in costs.

**Ordered** in Jacksonville, Florida, on March 7, 2022.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

[1] "Item" is defined as "all documents issued in one action which are served simultaneously on one person or organization." 28 C.F.R. § 0.114(d).

[2] To the extent Hamill requests a higher amount for "re-service" of process, Doc. 29-16, he fails to indicate why the defendants had to be served again, *see generally* Doc. 29, and filed only three proofs of service, *see* Docs. 8–10.